**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In Re:<br><br>　　Stacy Joy Grant<br><br>　　　　　　*Debtor* | Case No. 24-30823-AMN<br>Chapter 13<br><br>Re: ECF No. 34[1] |

**MEMORANDUM OF DECISION GRANTING MOTION**
**SEEKING *IN REM* RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(4)**

　　Stacy Joy Grant (the "Debtor") commenced this Chapter 13 bankruptcy case on September 9, 2024.  UMB Bank, National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust XIII (the "Movant") filed the present motion seeking relief from stay pursuant to 11 U.S.C. §§ 362(d)(1)(for cause), 362(d)(2), 1301(a)(co-debtor relief regarding William Borzillo), and 362(d)(4)(prospective *in rem* relief).  ECF No. 34.  For the reasons that follow, relief will be granted.

　　This is the self-represented Debtor's eighth bankruptcy, and her fourth since receiving a Chapter 7 discharge in December 2021.[2]  The Debtor's seven prior cases were each filed on the same day as, or immediately before, a scheduled foreclosure sale on the Debtor's real property located at 9 Bank Street, Hamden, Connecticut ("Property").  Five of the prior six cases were dismissed shortly after filing due to a failure by the Debtor

---

[1] A citation to a document filed on the docket of the underlying case, Case Number 24-30823, is noted by "ECF No." referencing the document number on the court's electronic case filing docket for the case.  A citation to a document filed on the docket of any other proceeding is noted by the proceeding's case number followed by "ECF No." referencing the document number on the docket of the indicated proceeding.

[2] Case No. 21-30676 ECF No. 23

to perform her basic obligations under the Bankruptcy Code. The Debtor is ineligible for either a Chapter 7 or Chapter 13 discharge in this case. 11 U.S.C. §§ 727(a)(8), 1328(f).

As noted during the hearing held on March 12, 2025, the Debtor failed to provide the Chapter 13 Trustee with the documents required of every debtor and failed to attend the meeting of creditors (see, 11 U.S.C. § 341) despite multiple dates having been scheduled for the meeting. Based upon the Debtor's pattern of filing a bankruptcy case on the eve of the foreclosure sale date for the Property, refusing to perform her basic obligations under the bankruptcy code, and refusing to participate in progressing her bankruptcy cases, the court finds the filing of this case was part of a scheme to delay, hinder, or defraud creditors involving multiple bankruptcy filings within the meaning of 11 U.S.C. § 362(d)(4).

## Background

A brief history of the Debtor's past filings is summarized in the table below.

| Bankruptcy Case Number | Bankruptcy Filing Date | Date of Law Day[3] | Date of Dismissal |
|---|---|---|---|
| 19-31184* | 07/22/19 | 07/22/19 | 08/09/19 |
| 19-32016* | 12/09/19 | 12/09/19 | 01/07/20 |
| 21-30676** | 08/23/21 | 08/23/21 | N/A (Discharge Entered 12/6/2021) |
| 22-30651* | 10/20/22 | 10/22/22 | 11/08/22 |
| 23-30184* | 03/20/23 | 03/20/23 | 04/28/23 |
| 23-30671* | 09/11/23 | 09/11/23 | 12/12/23 |
| 24-30823* | 09/09/24 | 09/09/24 | — |

\* = Chapter 13
\*\* = Chapter 7

---

[3] See Connecticut Superior Court Case No. NNH-CV19-6089877-S, ECF Nos. 114.00, 125.00, 136.00, 140.10, 144.00, 147.00, 150.00154.00, 159.00, 162.00, 165.00, 169.00, 199.00, 212.00, 223.00.

As a result of Debtor's bankruptcy filings, the Movant has been unable to foreclose its mortgage against the Property. Accordingly, Movant now seeks prospective, *in rem* relief from the automatic stay for a period of two years, pursuant to 11 U.S.C. § 362 (d)(4). ECF No. 34.

## Applicable Law

In 2005, Congress added § 362(d)(4) to the Bankruptcy Code to provide *in rem* relief to creditors when a court determines a debtor has used the bankruptcy process as part of a scheme to delay, hinder or defraud creditors. In particular, a creditor may seek *in rem* relief:

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.
> 11 U.S.C. § 362(d)(4).

## Discussion

Movant argues the Debtor's repeated pattern of filing bankruptcy petitions on the eve of foreclosure is indicative of a "scheme to delay, hinder, or defraud creditors that

involved … multiple bankruptcy filings affecting [the Property]," such that Movant should be afforded prospective *in rem* relief from the automatic stay to enforce its rights concerning the Property for two years, pursuant to 11 U.S.C. § 362(d)(4).  ECF No. 34 (the "Motion").  Here, the Debtor did not respond to the Motion and did not appear during the March 12th hearing.

When determining if a debtor's conduct falls within the scope of § 362(d)(4) courts may consider the timing and sequence of the filings and a debtor's efforts to prosecute the pending case.  *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014).  A bankruptcy court may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone, without holding an evidentiary hearing.  *In re Procel*, 467 B.R. 297, 308 (Bankr. S.D.N.Y. 2012) (*quoting In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)).  "By requiring that the filing of the petition must be part of a scheme to hinder, delay or defraud a creditor that involves either an unauthorized transfer of the property or multiple bankruptcy filings affecting the property, section 362(d)(4) addresses conduct that could be indicative of an abusive bankruptcy filing."  3 Collier on Bankruptcy ¶ 362.05 (16th Ed. 2024).

When "debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy process." *In re McKenzie*, No. 19-10130, 2019 Bankr. LEXIS 906, at *7 (Bankr. S.D.N.Y. Mar. 25, 2019)

Here, each of the Debtor's prior chapter 13 cases was dismissed within a few months, without any substantial progress towards a successful reorganization, due to a failure by the Debtor to comply with basic requirements under the Bankruptcy Code.  This

lack of any real effort to pursue the cases in good faith, combined with the timing of the filing of each petition, supports a conclusion the Debtor has engaged in a "scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting [the Property]" within the meaning of 11 U.S.C. §362(d)(4).  *In re Merlo, 646 B.R. 389, 396 (Bankr. E.D.N.Y. 2022)* (finding repeated filings on the eve of a foreclosure sale permitted an inference of an intent to hinder or delay creditors); *See also*, *In re Richmond*, 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2014); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009); *In re AMC Realty Corp.*, 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 137 (Bankr. S.D.N.Y. 2000).

Debtor's repeated pattern of filing petitions on the eve of foreclosure, coupled with a refusal to appear for scheduled 341 meetings, failing to make pre-confirmation plan payments, and her seeming inability to propose a feasible Chapter 13 Plan is "part of an evidentiary tapestry illustrating that [the Debtor is] enjoying the benefits and protections of the bankruptcy laws while not . . . providing creditors with needed information." *Witkowski v. Boyajian*, 523 B.R. 300, 307 (B.A.P. 1st Cir. 2014) (*quoting In re Chandler*, 89 B.R. 1002, 1004-05 (N.D. Ga. 1988)).

Based upon this record, the court concludes Movant has met its burden to establish cause for the court to grant prospective, *in rem,* relief for a period of two years, pursuant to 11 U.S.C. § 362(d)(4).  The same facts support a conclusion there is cause to grant relief from stay pursuant to § 362(d)(1) and § 362(d)(2).  Finally, it appears the Debtor and a co-debtor William Bozillo were served with the Motion and failed to respond.

Accordingly, it is hereby:

**ORDERED**: The Motion (ECF No. 34) is GRANTED pursuant to §§ 362(d)(1), 362(d)(2), 362(d)(4) and 1301(c).  An order which may be recorded upon the land records will be entered separately.

Dated this 13th day of March, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut